CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 24 2017
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

FRANCES M. HESS )
    Plaintiff, ) Civil Action No. 7:16CV00306
)
v. ) **MEMORANDUM OPINION**
)
NANCY A. BERRYHILL, Acting )
Commissioner of Social Security, ) By: Hon. Glen E. Conrad
) Chief United States District Judge
    Defendant. )

Plaintiff has filed this action challenging certain provisions of the final decision of the Commissioner of Social Security establishing plaintiff's entitlement to a closed period of disability for purposes of plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff was under a disability from August 25, 2012 through July 28, 2014, but not thereafter. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Frances M. Hess, was born on January 14, 1960, and eventually completed her high school education. Mrs. Hess also received additional training as a cosmetologist. (TR

41-42). According to the Administrative Law Judge, who in turn relied on testimony from a vocational expert, plaintiff has worked as a power press tender, steel cutter, traffic control manager and officer, account coordinator/auction clerk, inventory clerk, desk clerk, dairy manager, and cosmetologist. (TR 28-29). Mrs. Hess last worked on a regular and sustained basis in August of 2012. On November 16, 2012, plaintiff filed applications for disability insurance benefits and supplemental security income benefits. She alleged that she became disabled for all forms of substantial gainful employment on August 25, 2012 due to deteriorating disc disease; multiple back problems; chronic pain; inability to sit, stand, or walk for long periods of time; inability to bend over or lift more than 10 pounds; need to take frequent rests; depression; stress; prediabetes; high cholesterol; insomnia; and asthma/allergy problems. (TR 251). Plaintiff now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that Mrs. Hess met the insured status requirements of the Act through the fourth quarter of 2014, but not thereafter. See gen., 42 U.S.C. §§ 416(i) and 423(a).

Plaintiff's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated September 11, 2015, the Law Judge ruled that Mrs. Hess was disabled for all forms of substantial gainful employment for a closed period beginning on August 25, 2012, and extending through July 28, 2014. The Law Judge determined that beginning July 29, 2014, plaintiff regained the capacity for a limited range of light exertion, and that she was capable of performing her past relevant work as a desk clerk, as well as other light work roles existing in

2

significant number in the national economy. In his opinion, the Law Judge apparently found that, at all relevant times, Mrs. Hess suffered severe impairments, including lumbar degenerative disc disease and obesity. (TR 19, 26). While the Law Judge noted that plaintiff experiences a number of other impairments, including prediabetes; obstructive sleep apnea/insomnia; restless leg syndrome; gastroesophageal reflux disease; status post cervical surgery in 2009; headaches and dizziness; incontinence; generalized anxiety disorder; and major depressive disorder, the Law Judge ruled that these other impairments were not so severe as to affect plaintiff's capacity for such work as she was otherwise physically and mentally capable. (TR 19). Considering plaintiff's impairments, the Law Judge assessed plaintiff's residual functional capacity for the period between August 25, 2012 and July 28, 2014 as follows:

> After careful consideration of the entire record, the undersigned finds that, from August 25, 2012 through July 28, 2014, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except, she can occasionally perform postural activities but cannot climb ladders, ropes and scaffolds. She should avoid exposure to pulmonary irritants and industrial hazards such as heights and dangerous machinery. The claimant required three to four breaks a day for up to one hour.

(TR 22). Given such a residual functional capacity, and after considering plaintiff's age, education, and work experience, as well as testimony from a vocational expert, the Law Judge found that Mrs. Hess was disabled for all forms of substantial gainful activity during the period from August 25, 2012, through July 28, 2014.[1] (TR 25-26). However, the Law Judge

---

[1] In finding disability during this closed period, the Law Judge apparently relied on the finding that plaintiff's need to take three or four breaks during a work day rendered her disabled for all forms of substantial gainful activity. In submissions generated after oral argument in this case, both sides agree that the Law Judge's opinion is properly interpreted to this effect.

3

determined that Mrs. Hess experienced medical improvement as of July 29, 2014, resulting in an improvement in plaintiff's residual functional capacity. (TR 27). The Law Judge attributed this improvement to the implantation of a spinal cord stimulator, which resulted in substantial remediation of plaintiff's complaints of lower back pain and left leg paresthesia.[2] (TR 27). The Law Judge determined that, based on this medical improvement, Mrs. Hess regained the capacity to perform light work activity as of July 29, 2014. (TR 27). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that beginning on July 29, 2014, plaintiff was capable of performing past relevant work as a desk clerk, as well as other light work roles existing in significant number in the national economy. (TR 28-31). Accordingly, the Law Judge ultimately concluded that plaintiff's disability ended on July 29, 2014. See gen., 20 C.F.R. §§ 404.1594(f)(8) and 416.994(b)(5)(vii). (TR 31). Thus, the Law Judge ruled that Mrs. Hess was entitled to a closed period of disability from the date of alleged disability onset through July 28, 2014, and that her disability ended July 29, 2014. The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having now exhausted all available administrative remedies, Mrs. Hess has appealed to this court.

---

[2] The Law Judge commented as follows:
As noted above, the claimant underwent a spinal cord stimulator implantation on July 15, 2014. She endorsed ninety-percent relief and actually cut back on her prescribed narcotic medication when seen on July 28, 2014. The claimant reported some left leg paresthesia when the stimulator was off, but still reported that she was able to reduce her medications (Exhibit 17F). By August 1, 2014, the claimant rated her pain as a two out of ten, which was noted as a huge improvement (Exhibit 20F). She also reported that she was trying to stay active and walking daily. The claimant continued to report significant improvement with the stimulator. She continually reported that she was requiring less medication. At a follow up on September 22, 2014, the claimant reported that her stimulator was working well. When seen on October 31, 2014, the claimant exhibited a full range of motion in her lumbar spine. Only slight pain was noted with extension and flexion. Good sensation and full motor strength was observed. While continuing to complain of some left leg issues when her stimulator was off, the claimant reported improvement when the device was turned on (Exhibits 19F, 21F, 28F, and 29F). (TR 27).

4

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision must be affirmed, though based on somewhat different reasoning than that set forth by the Administrative Law Judge. Without question, the medical record confirms that Mrs. Hess has a long history of musculoskeletal dysfunction, and associated symptomatology. Given additional complications caused by plaintiff's significant obesity, she has also experienced instability while standing and walking, as well as significant pain in her lower back with radiation into her lower extremities. While her medical providers employed a variety of treatment modalities in an attempt to relieve her symptoms, the medical record confirms that Mrs. Hess experienced recurring symptoms both before and after she ceased working on August 25, 2012. However, as recognized by the Administrative Law Judge, plaintiff reported substantial improvement following implantation of a spinal cord stimulator in July of 2014. In the weeks following this implantation, Mrs. Hess reported that her pain was less

5

severe, and that she was able to reduce her medications. (TR 1063). In August of 2014, her range of motion was said to be normal, with only mild increase in pain with lumbar flexion and extension. (TR 1127). On October 31, 2014, she again indicated that her back pain had improved since placement of the stimulator. (TR 1150). On that occasion, Mrs. Hess reported that she tries to stay active and walk every day. (TR 1150).

Without question, the court believes that the record supports the Commissioner's critical determination that the implantation of the spinal cord stimulator substantially relieved many of plaintiff's subjective complaints, including those which resulted in her need to take breaks during a regular work day. The court concludes that at least by July 29, 2014, Mrs. Hess possessed residual functional capacity for sedentary work activity. The court is unable to conclude, however, that the record supports the notion that Mrs. Hess has ever regained the capacity for light work activity, as found by the Administrative Law Judge. The medical record establishes that, despite the implantation of the stimulator, plaintiff continues to experience lower back pain, instability, and difficulty in ambulation. For example, on May 29, 2015, Mrs. Hess noted "more weakness and numbness" in her left lower extremity, as well as episodes of falling and tripping. (TR 1283). She continued to complain of pain and numbness through the summer and fall of 2015, and she underwent a CT lumbar and cervical myelogram on September 2, 2015. She was found to be suffering from some disc bulging and mild degenerative stenosis. (TR 1470). Her doctors recommended that plaintiff continue to engage in physical exercise. On October 12, 2015, Mrs. Hess reported moderate pain with significant limitation in her ability to walk, sit, stand, and speak. (TR 1539). In short, despite what all of her treatment providers believe to be substantial improvement as a result of implantation of the spinal cord stimulator, the record

simply does not support a finding that plaintiff can now engage in frequent lifting or carrying of even light objects, or the "good deal of walking or standing" that is contemplated under the definition of light work. See 20 C.F.R. §§ 404.1567(b) and 416.967(b). The court concludes that the Commissioner's determination to the contrary is not supported by substantial evidence.

As set forth above, the court nevertheless concludes that the medical record supports a finding of residual functional capacity for sedentary work activity, at least as early as July 29, 2014. At the administrative hearing, the vocational expert testified that Mrs. Hess possesses skills that are transferrable to sedentary work roles, such as data entry clerk and receptionist. (TR 79-81). Moreover, given the medical record developed after the implantation of the stimulator, the court finds no basis upon which to conclude that plaintiff's capacity to perform such sedentary work roles would be compromised by inordinate need to take breaks during the work day. The court finds substantial evidence to support the determination that plaintiff regained the capacity for substantial gainful activity at least as early as July 29, 2014.[3] It follows that the final decision denying entitlement to a period of disability extending beyond July 28, 2014 is supported by substantial evidence. Thus, the court concludes that the final decision of the Commissioner in this case must be affirmed.

On appeal to this court, plaintiff, through counsel, makes several cogent arguments in support of her motion for summary judgment. Mrs. Hess argues that the Law Judge erred in finding medical improvement. However, as outlined above, the court believes that, without question, the implantation of the spinal cord stimulator resulted in improvement in plaintiff's

---

[3] While the court has relied on the testimony of the vocational expert in determining that Mrs. Hess retains the capacity to perform several specific sedentary work roles, the court notes that the same result obtains under the Medical Vocational Guidelines. See Part 404, Subpart P, Appendix 2, Rules 201.07 (advanced age), and Rule 201.15 (closely approaching advanced age).

7

symptomatology, especially in terms of pain, numbness, and impaired ambulation. While it is true that the medical record also confirms that plaintiff's symptoms were not eliminated, in the court's view, the medical record overwhelmingly supports the notion that Mrs. Hess suffers less difficulty than before the implantation. The court concludes that the Commissioner's finding of medical improvement is supported by substantial evidence.

Mrs. Hess also maintains that the Law Judge failed to properly consider her obesity under Social Security Ruling 02-1P (September 12, 2002). However, as set forth above, the Law Judge clearly recognized plaintiff's obesity as a severe impairment. Moreover, while the court agrees that plaintiff's obesity, in tandem with her degenerative disc disease, limits her ability to stand and walk, the medical record simply does not support a finding that plaintiff's obesity, which has persisted for many years, is so severe as to prevent performance of sedentary forms of work activity for which she is otherwise physically capable. The court concludes that the Commissioner's final decision correctly contemplates that plaintiff's obesity exacerbates the effect of her degenerative disc disease. The court finds no basis for remand or reversal of the Commissioner's final decision based on the Commissioner's treatment of this element of plaintiff's overall case.

The court finds some merit in plaintiff's assertion that the Law Judge failed to account for her symptoms and subjective complaints, as set forth in her testimony at the administrative hearing. Mrs. Hess noted that she has difficulty in maintaining her stability while standing, and that she has problems in ambulation because of numbness and discomfort, especially in the left lower extremity. She also described continuing pain in her lower back and legs. In the court's view, plaintiff's testimony in this regard is consistent with the clinical record, and the court

agrees that the Law Judge did not properly account for such circumstances in finding residual functional capacity for light exertional activity. However, the court concludes that plaintiff's testimony in this regard, to the extent supported by the clinical record, is not inconsistent with a finding of residual functional capacity for sedentary work activity, in which she is able to change position as necessary. In the court's view, there is no medical evidence developed after July 28, 2014, which supports the notion that plaintiff is unable to engage in sedentary forms of work.

Finally, Mrs. Hess contends that the Law Judge failed to give proper consideration to an opinion from her treating physician, Dr. Trevar Chapmon. In a letter dated April 27, 2015, the treating physician, Dr. Chapmon, noted that even after surgery, some back patients are unable to return to work at the sedentary or light levels because of ongoing complaints. (TR 1226). He went on to observe that, "so far Frances Hess has not been able to return to work." (TR 1226). The Administrative Law Judge determined to give "no weight" to Dr. Chapmon's letter. (TR 28). The court agrees that this is an unfortunate assessment of a treating physician's opinion. See 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2). However, the court believes that the Commissioner might reasonably determine to give greater weight to the many clinical notes, including some from Dr. Chapmon, which document plaintiff's improvement following the implantation of the spinal cord device. It is certainly true that Dr. Chapmon has not identified any objective findings which support the determination that Mrs. Hess is disabled for all forms of work activity. It is well settled that in order for pain to be held disabling, there must be objective medical evidence establishing some condition that could reasonably be expected to produce the pain alleged. Craig v. Chater, 76 F.3d 585, 592-93 (4th Cir. 1996); Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir. 1986). While the court agrees that the objective medical record arguably

9

supports a finding that plaintiff cannot be expected to stand or walk for prolonged periods, the court concludes that the medical evidence, considered as a whole, does not support a finding that plaintiff suffers from physical problems which are so severe as to produce subjective manifestations which would prevent performance of sedentary work activity. Even when given the weight properly accorded input from a treating physician, the court does not believe that Dr. Chapmon's letter bridges this gap in the medical evidence in plaintiff's case.

In affirming the Commissioner's final decision, the court does not suggest that Mrs. Hess is free of all pain, discomfort, weakness, and physical instability. As reflected above, the medical record confirms that plaintiff suffers from definite problems which can be expected to result in subjective limitations. Indeed, the court believes that plaintiff's continuing back problems, even while not as serious as before the implantation of the spinal cord stimulator, when considered in combination with her obesity, are so severe as to prevent performance of anything more than sedentary levels of work. However, it must be recognized that no medical specialist has suggested that plaintiff is currently unable to perform sedentary forms of work. Indeed, her doctors have suggested that she increase her physical activity as a means of treating some of her subjective problems. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, supra, at 594-95. The court concludes that the Commissioner's determination that plaintiff possessed the capacity to perform some forms of substantial gainful activity as of July 29, 2014 is supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales,

10

supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 24th day of May, 2017.

*/s/ Conrad*
Chief United States District Judge